DIANA D'INDIA *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. December 10, 1982. From 1970 to March 29, 1977, the plaintiff was employed as an assistant editor in the public affairs department of the University of Massachusetts at Amherst. She tendered her resignation orally in March, 1976, to take effect in March, 1977. She followed with a written notice in July, 1976. After leaving her employment, she filed for unemployment benefits. The director denied her benefits. A review examiner upheld the director and after a de novo hearing the review examiner was sustained. A second review examiner also denied her benefits. The plaintiff then filed an application for further review and the board of review denied this application, thus rendering final the decision of the second review examiner. G. L. c. 151A, § 41. The plaintiff next filed a petition for review in the Northampton Division of the District Court and that court affirmed the decision. An appeal to this court followed. G. L. c. 151A, § 42. There is no error.

The second review examiner found that "the claimant left her work because she disagreed with her supervisor's methods of operations and because she felt his restriction of her activities prevented her from properly fulfilling her job duties. . . . [T]he evidence does not establish that the conditions were such that the claimant had no alternative but to leave her work, therefore, her leaving was voluntary without good cause attributable to the employing unit." The evidence amply supports these findings. The conditions which the plaintiff protested are similar in nature to those discussed in *Sohler* v. *Director of the Div. of Employment Sec.,* 377 Mass. 785, 789 (1979), and we consider that case to be controlling. The plaintiff's attempt to distinguish it on the ground that working conditions made it impossible to carry out her duties at all whereas the appellant in *Sohler* had alleged only that working conditions "made it

impossible for her to carry out her professional responsibilities in an acceptable manner," *id.* at 788, is, on the present facts, unpersuasive.

We are also not persuaded that the facts that the plaintiff's supervisor communicated with her by memorandum rather than personally, that he posted her vacation schedule in a place where it might have been viewed by the public, and that she was questioned by another supervisor's secretary about her educational background without being told the reason, constitute harassment or invasions of privacy. The plaintiff's other allegations of harassment are unsupported by the evidence and without merit. The plaintiff also failed to demonstrate any harm to her professional reputation because she could not send copies of a radio program to all the radio stations requesting them.

The plaintiff has not carried her burden of proving "good cause" as that term is defined in G. L. c. 151A, § 25 (*e*) (1). As we said in *Sohler*: "We are aware of no decision in this or any other jurisdiction holding such general and subjective dissatisfaction with working conditions to satisfy the statutory language. . . . We are unwilling to expand the term in the manner that the [plaintiff] suggests." *Sohler* v. *Director of the Div. of Employment Sec., supra* at 789. See *Berk* v. *Director of the Div. of Employment Sec., ante* 1003 (1982).

*Judgment affirmed.*

*Diana D'India,* pro se.

*George J. Mahanna,* Assistant Attorney General, for Director of the Division of Employment Security, submitted a brief.